UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORIELLE JOHNSON,

        Petitioner,

v.                                      Case Number 08-14258
                                        Honorable David M. Lawson
                                        Magistrate Judge Donald A. Scheer

THOMAS BIRKETT,

        Respondent.
_____/

**ORDER DENYING PETITIONER'S *EX PARTE* MOTION TO REQUEST BAIL PENDING RESOLUTION OF HABEAS PETITION**

This matter is before the Court on the petitioner's *Ex Parte* Motion to Request Bail Pending Resolution of Habeas Petition. The petitioner is confident of the success of his underlying petition and appeals to the Court's authority under "FRAP 23(c)" for his release on bond pending the resolution of his petition.

The petitioner has filed a petition for a writ of habeas corpus challenging the constitutionality of his confinement. He was convicted following a jury trial on charges of first-degree murder, felony firearm, larceny of a firearm, and felon-in-possession-of-a-firearm. He was sentenced to life imprisonment on a murder conviction, three to ten years' imprisonment on a larceny of firearm and felon-in-possession-of-a-firearm convictions, and to two years' imprisonment on a felony-firearm conviction. The petitioner asks the Court to enter an order allowing him to be released on bond while the Court considers the merits of his habeas petition.

To receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts surrounding the petition and the existence of "some circumstance making the [motion for bond] exceptional and deserving of special treatment

in the interests of justice." *Aronson v. May*, 85 S. Ct. 3, 5 (1964) (Douglas, J., in chambers); *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990); *see also Nash v. Eberlin*, 437 F.3d 519, 526 n.10 (6th Cir. 2006). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Where the Court finds no substantial claim that the petitioner is confined in violation of the Constitution, it need not reach the issue of whether exceptional circumstances exist which deserve special treatment in the interests of justice. *Ibid.* Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993). Having reviewed petitioner's motion, the Court is not persuaded at this time that the petitioner has shown that "exceptional circumstances" that require release on bond pending resolution of his habeas petition.

Accordingly, is it **ORDERED** that *Ex Parte* Motion to Request Bail Pending Resolution of Habeas Petition [dkt # 10] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 17, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 17, 2009.

s/Felicia M. Moses
FELICIA M. MOSES